Judge Owsley
delivered the Opinion of the Court.
This case turns upon the correctness of decisions in the court below, in sustaining the demurrers of Harvey and wife to the second and third pleas of Robinson and wife. The object of each of these pleas was to justify the speaking part of the slanderous words, charged in the declaration of Harvey and wife, by confessing that they were ■spoken by Mrs. Robinson, but alleging that in speaking them, she barely repeated what she had been told by another, and that at the time of speaking the words, she named the person from whom she received the information. Neither of the pleas are drawn with that 'technical precision and accuracy which distinguish the precedents contained in the books of practice.
The third plea commences as though it were designed by the writer to follow the form contained in % Chitty PI. 500, to which we were referred in argument; hut before it comes to a close, it not only in point of form, departs from the precedent contained in Chitty, but omits what we understand Jo he a substantial averment. The plea admits the *520 speaking of the words to which it purports to answer, and alleges that Mrs. Robinson by whom they were spoken, at the time of speaking them, barely stated that she had been so informed by Elias Barnes; but the plea contains no averment that in point of fact, Elias Barnes had spoken the words which are admitted to have been repeated by her. Now if the words were never spoken by Elias Barnes, it is perfectly clear that the speaking of them by Mrs. Robinson cannot be justified .upon the ground of her having at the time of speaking them, said that Barnes had spoken the words. The rule with respect to words which the party speaking them may have heard from another, as laid down in Espinasse N. P. 2 Vol. 106, Am. Ed. is this: “If a person say that such a man (naming him) told him certain slander, and that man did in fact tell him so, it is a good justification; for that person who uttered the slander ought to be sued; but if he utter the slander without adding who told them, it is actionable: and it is not sufficient for the defendant to disclose in his plea from whom he heard them, as the plaintiff is then put to the expense of his action, and he must sue the person from whom he heard them.” This rule is a reasonable one and proves conclusively that in omitting to aver the words to have been spoken by Barnes, the plea is substantially bad: and that conclusion is moreover strengthened by the forms-of such pleas contained in the books of practice, all of which contain such averment: See 2 Chitty Pl. 506.
Want of form now no ground of objection to pleas.
The court was, therefore, correct in sustaining the demurrer to the third plea. Bui the demurrer to the second plea, we think, ought not to have been sustained. That plea is quite informal, but it contains every necessary averment to bring it substantially within the rule laid down in Espinasse and to which wc have already adverted, and its being informal, cannot, under the existing statute of the laws of this country, justify a decision sustaining the demurrer.
Because the court erred in sustaining the demurrer to the second plea, therefore, the judgment must *521 be reversed, with, costs, the cause remanded to the cout below, and further proceedings there had, not inconsistent with this opinion.
Caperton and Breck, for plaintiffs; Turner and Smith, for defendants.